FILED

1997 FEB 18  AM 10: 29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

CHARLES WILLIAM FORD,           )
                                )
        Petitioner,             )
                                )
vs.                             )   Case No. CV 95-P-3226-W
                                )
WARDEN CHARLIE JONES; and       )
THE ATTORNEY GENERAL OF         )
THE STATE OF ALABAMA,           )
                                )
        Respondents.            )

ENTERED

FEB 18 1997

MEMORANDUM OPINION

This is an action pursuant to 28 U.S.C. § 2254 by an Alabama state prisoner challenging his conviction for rape in the Circuit Court of Lauderdale County, Alabama. The magistrate judge filed his report and recommendation in this cause on October 7, 1996, recommending that all of petitioner's claims grounded on effective assistance of counsel be dismissed but that an evidentiary hearing be held on the petitioner's claim of juror misconduct. Petitioner filed his objections to the report and recommendation on October 16, 1996, and the respondents filed their objections to the report and recommendation on October 23, 1996.

One of the objections raised by the respondents to the holding of an evidentiary hearing is the assertion that this is a successive petition for writ of habeas corpus to which the newly-

25

enacted provisions of 28 U.S.C. § 2244(b)(2) now apply. As amended by the Antiterrorism and Effective Death Penalty Act of 1996, § 2244(b)(2) provides the following:

> A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Respondents argue that petitioner's juror misconduct claim, which was not raised in the earlier petition, cannot meet either of the prongs of § 2244(b)(2), and, therefore, is due to be dismissed.

Petitioner responded to that argument in a filing on November 19, 1996. There, he argued that application of § 2244(b)(2) to this petition, which was filed prior to the

2

effective date of the Antiterrorism and Effective Death Penalty Act of 1996, would constitute retroactive application and would be violative of the ex post facto clause.

### Applicability of Section 2244(b)(2)

There is no dispute that the instant petition before the court is the second filed pursuant to 28 U.S.C. § 2254 in which the petitioner challenges this conviction. Thus, the initial question is whether § 2244(b)(2) applies to this case or whether such would be a retroactive or retrospective application. The court concludes that it does apply and that it does not have a retroactive effect.

The analytical framework for determining whether a newly-enacted statute applies in a case pending at the time of the enactment of the statute was supplied by the Supreme Court in Landgraf v. U.S.I. Film Products, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed. 2d 229 (1994). Hunter v. United States, 101 F.3d 1565, 1569 (11th Cir. 1996). Under Landgraf, the initial inquiry is whether, in enacting the statute, Congress clearly indicated whether it should or should not be applied in a retroactive fashion. If Congress has not clearly stated that the statute should apply to then-pending cases, certain "judicial default rules" specified in Landgraf come into effect. Those rules have been described by the Eleventh Circuit Court of Appeals as follows:

> Under the Landgraf judicial default rules, a newly-enacted statutory provision is to be applied to pending cases, including appeals, unless doing so would give the provisions "retroactive effect." Id. at ___, 114 S.Ct. at 1505. If applying the new provision to a pending case would have retroactive effect, then the presumption goes the other way; absent an express congressional command, statutory provisions are not to be given retroactive effect. Id. at ___, ___, 114 S.Ct. at 1501, 1505. But "retroactive effect" for these purposes means more than simply the effect of applying a statute to a case that arose before the statute was enacted, and it means more than simply a reduced chance of prevailing in a pending case if the statute is applied.... For purposes of the Landgraf judicial default rules presumption, applying the statute to a pending case has "retroactive effect" only when doing so produces a "'genuinely' retroactive effect" and constitutes "truly 'retrospective' application." Id., at ___, 114 S.Ct. at 1503-04.

Both Landgraf and Hunter make clear that the label "retroactive effect" is an "end of the analysis" judgment that comes after considering "the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event." Id. at ___, 114 S.Ct. At 1499; Hunter v. United States, 101 F.3d 1565, 1570 (11th Cir. 1996).

On the first step of the analysis, it is plain that Congress has not clearly stated that § 2244(b)(2) should apply retroactively to cases pending at the time of the enactment of the

4

statute. That being so, the court falls back onto the judicial default rules specified in <u>Landgraf</u>. That step of the analysis requires the court to determine whether the statute has a "retroactive effect" and, if so, the presumption is against applying it to a pending case. As noted by the Eleventh Circuit in <u>Hunter</u>, a statute does not have a retroactive effect merely because it is applied to a case pending at the time the statute is enacted or because it would simply reduce a party's chance of prevailing in a pending case. Quoting <u>Landgraf</u>, the Court of Appeals has said "A new statute would have a retroactive effect if applying it to a pending case 'would impair rights a party possessed when he acted, increase a party's liability for past conduct, or imposed new duties with respect to transactions already competed.'" <u>Hunter v. United States</u>, 101 F.3d 1565, 1570 (11th Cir. 1996)(quoting <u>Landgraf v. U.S.I. Film Products</u>, 511 U.S. 244, ___, 114 S.Ct. 1483, 1505, 128 L.Ed. 2d 229 (1994)).

Turning to the specific purpose and effect of § 2244(b)(2), it is apparent that it does not have a retroactive effect within the definition established by <u>Landgraf</u>. While § 2244(b)(2) restricts the scope and power a district court has to consider second and successive habeas petitions, it does not impair rights, increase liability, or impose new duties with respect to completed transactions. At most, § 2244(b)(2) alters the proce-

5

dural rules and standards used for determining habeas corpus petitions. Such procedural rules "regulate secondary rather than primary conduct" and are often "applied in suits arising before their enactment without raising concerns about retroactivity." Landgraf v. U.S.I. Film Products, 511 U.S. 244, ___, 114 S.Ct. 1483, 1505, 128 L.Ed. 2d 229 (1994). Similarly, even if the statute is viewed as one limiting habeas jurisdiction exercised by the district court, statutes limiting or ousting jurisdiction are regularly applied to cases pending at the time of the enactment of the statute, even if jurisdiction lay when the suit was commenced. Landgraf, supra.

Because § 2244(b)(2) does not impair substantive rights or impose new obligations with respect to completed transactions, it does not have a retroactive effect within the meaning of Landgraf. Consequently, the general rule of law that cases are decided on the basis of the law existing at the time of the decision dictates applicability of the section to this case.

As a second or successive petition for habeas corpus, petitioner can obtain relief on the juror misconduct claim only if it comes within either of the two exceptions to the mandatory dismissal rule embodied in § 2244(b)(2). The first exception, that the claim rests on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, simply

does not apply. No new rule of constitutional law has arisen in the interim between the first habeas petition filed by petitioner and the current. Likewise, while petitioner may be able to meet the first part of the second exception, that the factual predicate for the claim could not have been discovered with due diligence, his claim fails on the second part of the second exception. Under the second exception, a petitioner must show not only that the factual predicate for the claim could not have been discovered with due diligence at the time of the earlier petition, he must also show that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). For purposes of this analysis, the court will assume as true petitioner's assertion that a juror in his trial improperly failed to disclose her bias against him. Despite that "constitutional error" he can obtain relief only if the court concludes by clear and convincing evidence that no rational factfinder could have concluded that he was guilty in light of the evidence as a whole. In this case, the court cannot reach that conclusion.

At petitioner's trial, there was no dispute that sexual intercourse took place between the petitioner and the victim. The

7

issue was whether that intercourse was consensual or forcible rape. The victim testified that the petitioner came to her home and forcibly raped her, while the petitioner testified that the victim consented to intercourse with him. Given the testimony of the victim and the other evidence offered to impeach the veracity of the petitioner, the court cannot say that the evidence is clear and convincing that no rational trier of fact could have found the petitioner guilty of rape. It is entirely possible that, notwithstanding the failure of a juror to disclose a bias against the petitioner, a rational jury could have found him guilty on the basis of the evidence offered at trial. That being the case, § 2244(b)(2) mandates the dismissal of this petition.[1]

Having carefully reviewed and considered _de novo_ all the materials in the court file, including the report and recommendation, and the various objections to it, the court is of the opinion that the report and recommendation is due to be adopted and accepted with respect to the denial and dismissal of petitioner's ineffective assistance of counsel claims, but rejected with respect to the recommendation of an evidentiary hearing on the juror misconduct claim. That claim is due to be dismissed pursuant to

---

[1] The court concurs with the magistrate judge's recommendation that all of petitioner's claims based on ineffective assistance of counsel are meritless in any event.

§ 2244(b)(2). All of petitioner's objections are overruled. By separate order, the court will deny and dismiss the petitioner for writ of habeas corpus.

DATED this 17<u>th</u> day of February, 1997.

_____
CHIEF JUDGE